# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIANNA RHODES,           )
                           )
      Plaintiff,        )
                           )  Civil Action No. 08-0053 Erie
                           )
      v.                )
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social Security, )
                           )
      Defendant.        )

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

      Plaintiff, Marianna Rhodes ("Plaintiff"), filed a Petition and an Amended Petition for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which provides for an award of reasonable attorney's fees to a prevailing party other than the United States in, *inter alia*, Social Security appeals brought pursuant to 42 U.S.C. §§ 405(g). The Commissioner has filed Briefs in Opposition to the Plaintiff's Petitions and this matter is now ripe for disposition.

### I. BACKGROUND[1]

      Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on October 20, 2005, alleging disability since August 1, 2005, due to depression and panic attacks (Administrative Record, hereinafter "AR", 46-48; 70-71). Her applications were denied and a hearing was held before an administrative law judge ("ALJ") on May 9, 2007 (AR 30-34; 190-233). Following this hearing, the ALJ denied the Plaintiff's claims for benefits, finding that:

---

[1] The complete factual background is set forth in *Rhodes v. Astrue*, 2009 WL 3287011 (W.D.Pa. Oct. 13, 2009).

1

> ... [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels; however, due to mental impairments, she is able to understand, remember and carryout only simple job tasks, consistent with unskilled work. Because she has moderate limitations in her ability to interact with the public, the claimant should be in a job that has minimal interaction with the public.

(AR 16). The ALJ concluded that although the Plaintiff could not perform her past relevant work, she could perform the jobs cited by the vocational expert at the administrative hearing (AR 19-21). The Appeals Council affirmed the ALJ's decision.

Plaintiff sought judicial review in this Court under 42 U.S.C. §§ 404(g) and 1383(c)(3), and the parties subsequently filed cross motions for summary judgment. Plaintiff argued that the ALJ erred in his residual functional capacity ("RFC") assessment[2] by failing to account for all of her work-related functional limitations supported by the record and by failing to discuss her Global Assessment of Functioning ("GAF") scores of 45 assessed by her therapist and psychiatrist. *See* Plaintiff's Brief in Support pp. 6-12 [Doc. No. 16]. In a related argument, the Plaintiff claimed that the ALJ's hypothetical question to the vocational expert was defective since it failed to incorporate all of her claimed limitations. *Id*. at pp. 12-16. The Commissioner argued that the ALJ's RFC assessment adequately accommodated the Plaintiff's claimed limitations; there was no error in the ALJ's failure to have specifically discussed the Plaintiff's GAF scores; and the ALJ's hypothetical question included all of the Plaintiff's claimed limitations supported by the record. *See* Defendant's Brief in Support pp. 14-30 [Doc. No. 18].

In an opinion dated October 13, 2009, I concluded that the ALJ's failure to have discussed the Plaintiff's GAF scores necessitated a remand for the ALJ to specifically discuss this evidence, and therefore I did not reach the Plaintiff's remaining arguments. *See Rhodes v. Astrue*, 2009 WL 3287011 (W.D.Pa. 2009). Plaintiff now moves for an award of attorney's fees pursuant to the

---

[2]"'Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3rd Cir. 2000), quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3rd Cir. 1999); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). An individual claimant's RFC is an administrative determination expressly reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e)(2); 416.927(e)(2). An ALJ must consider all relevant evidence when determining an individual's residual functional capacity. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3); *Burnett,* 220 F.3d at 121.

EAJA. The Commissioner opposes the petition on the ground that his position was "substantially justified" within the meaning of the EAJA.

## II. STANDARD OF REVIEW

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the Unites States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Substantial justification under the EAJA does not mean "'justified to a high degree,' but rather 'justified in substance or the main'-that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Morgan v. Perry*, 142 F.3d 670, 682 (3rd Cir. 1998). The Commissioner bears the burden of establishing that there was "substantial justification" for his position. *Morgan*, 142 F.3d at 684. To carry this burden, the Commissioner must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory he propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *Id.*; *see also Valladolid v. Comm'r of Soc. Sec.*, 29 Fed. Appx. 861, 863 (3rd Cir. 2002). "The EAJA is not a 'loser pays' statute," and a "court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." *Morgan*, 142 F.3d at 685. Rather, "courts should limit their inquiries to whether the government's position was reasonable under the facts and law." *Williams v. Astrue*, 600 F.3d 299, 302 (3rd Cir. 2009).

## III. DISCUSSION

In support of his argument that his position was substantially justified with respect to the Plaintiff's GAF scores, the Commissioner argues that the ALJ did not need to specifically discuss the impact of the Plaintiff's GAF scores since the ALJ addressed the medical findings from the treatment notes on the dates of the GAF ratings in question. *See* Defendant's Brief in Support pp.

20-25 [Doc. No. 18]; Defendant's Brief in Opposition pp. 5-7 [Doc. No. 22].

In this regard, the facts of this case are closely analogous to those in *Gilroy v. Astrue*, 351 Fed. Appx. 714 (3rd Cir. 2009), wherein the plaintiff argued that the ALJ erred by failing to "explain why he was rejecting [that score] or how he thought it could be reconciled with his own conclusions." *Gilroy*, 351 Fed. Appx. at 715. In rejecting this argument, the court explained:

> The ALJ's opinion clearly reflects substantial evidence supporting [the RFC assessment] and adequately explains why the evidence relied upon by Gilroy did not persuade him that she had more serious limitations. While it did not make explicit reference to Dr. Wang's one-time rating of GAF 45, it did make repeated references to observations from Dr. Wang's reports. Given the failure of Dr. Wang to "express any opinions regarding specific limitations" or otherwise explain the basis for his GAF rating, we are at a loss to understand how the ALJ could have responded to that rating in a more satisfactory manner. As we have noted, he did explain his views on the degree of Gilroy's limitations with respect to social and occupational functioning and did conclude that "her social anxiety limits her ability to interact with supervisors and coworkers and precludes interaction with the public." This conclusion is not in conflict with Dr. Wang's GAF rating, and no further comment was required.

*Gilroy*, 351 Fed. Appx. at 716. Plaintiff argues that *Gilroy* is inopposite because in this case, specific mental limitations were identified by Dr. Bailey, the consulting examiner, and Dr. Glover, the state agency reviewing psychologist, that were not considered by the ALJ. *See* Defendant's Response pp. 6-7 [Doc. No. 24]. I disagree.

The ALJ discussed Dr. Bailey's consultative evaluation conducted in December 2005, including his findings that Plaintiff would be, *inter alia*, moderately limited in her ability to make judgments on simple work related decisions, respond appropriately to work pressures in a usual work setting, and respond appropriately to changes in a routine work setting (AR 18). The ALJ also discussed Dr. Glover's report, noting that Dr. Glover concluded that the Plaintiff could still meet the basic mental demands of competitive work even with her claimed mental limitations (AR 19). In addition, although the ALJ did not discuss the Plaintiff's GAF score of 45 assessed by Ms. Mentz or Dr. Walton, the ALJ did meaningfully discuss the observations of these treating sources

4

in his evaluation of this medical evidence (AR 17-19). Like the ALJ in *Gilroy*, the ALJ here adequately explained the basis for his findings with respect to the Plaintiff's functional limitations resulting from her mental impairments, and concluded that she could perform simple job tasks consistent with unskilled work and work that involved minimal interaction with the public (AR 16-19). Accordingly, I agree that under the circumstances presented here the Commissioner's position with respect to the Plaintiff's GAF score was substantially justified.

Plaintiff also argues that she raised other meritorious issues, not reached by the Court, including the contention that the ALJ failed to make a "particularized" RFC assessment. *See* Plaintiff's Response p. 6 [Doc. No. 24]. In this regard, Plaintiff argued that the ALJ "never discussed" the moderate limitations in her ability to make judgments on simple work-related decisions, tolerate basic work stresses, and/or adapt to changes in the workplace. *See* Plaintiff's Brief in Support pp. 6-12 [Doc. No. 16]. I conclude, however, that the Commissioner's position, which disputed this contention, was substantially justified. As discussed above, the ALJ thoroughly discussed Dr. Bailey's report, as well as Dr. Glover's report, in assessing her RFC (AR 16-19). Moreover, as the Commissioner argued, the ALJ's assessment accounted for the Plaintiff's moderate limitation in her ability to make judgments on simple work-related decisions when he limited her to simple, unskilled work (AR 16). Unskilled work is defined in the regulations as work "which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568; 416.968.

Finally, Dr. Bailey and Dr. Glover found that Plaintiff was moderately limited in her ability adapt to changes in the work setting (AR 143; 159), and Dr. Bailey found that Plaintiff was moderately limited in her ability to respond appropriately to work pressures in a usual work setting (AR 143). Dr. Glover adopted Dr. Bailey's findings, and concluded that Plaintiff "remain[ed] capable of … adapting to changing activities within the workplace" and was "able to meet the demands of competitive work on a sustained basis despite the limitations resulting from her impairment" (AR 160). In Dr. Glover's view, any moderate limitations in these areas did not preclude the Plaintiff from working and the ALJ, in formulating the Plaintiff's RFC, noted that his conclusion was consistent with Dr. Glover's findings (AR 19).

## IV. Conclusion

Because the Commissioner has shown that his position was substantially justified, Plaintiff's Petition and Amended Petition for an award of Attorney Fees under the EAJA will be denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIANNA RHODES, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08-0053 Erie |
| v. | ) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

**ORDER**

AND NOW, this 20th day of December, 2011, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act [Doc. No. 20] is DENIED; it is further ORDERED that the Plaintiff's Amended Petition for Attorney Fees under the Equal Access to Justice Act [Doc. No. 25] is DENIED.

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record.